UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED BUILDING PRODUCTS CORP.; RICHARD FRANDSEN; and UTAH DIVISION OF PROFESSIONAL LICENSING,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00452<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Constantino Cuara Rodriguez, proceeding *in forma pauperis* (without paying the filing fee) and without an attorney, filed this action against Allied Building Products Corp., Richard Frandsen, and the Utah Division of Professional Licensing.[1] Because the complaint is deficient as set forth below, the court permits Mr. Cuara Rodriguez to file an amended complaint to correct these deficiencies by **September 15, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief under section 1915, the court

---

[1] (*See* Compl., Doc. No. 4.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5] But the court need not accept the plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7]

Because Mr. Cuara Rodriguez proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[8] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[9] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[10] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Hall*, 935 F.2d at 1110.

[9] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[10] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[11] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

Mr. Cuara Rodriguez's complaint lacks coherent factual allegations and fails to state a plausible claim for relief. The complaint alleges Mr. Cuara Rodriguez is "the owner of all trademarks heredetary [sic] of United State[s] of America and global network under sha [sic] '256' fingerprint secret seal and federal state entities."[13] These allegations are unintelligible and fail to support any cognizable claim. The complaint also contains the phrase "lien to my brother's roofing and landscaping LLC licenses false," without further factual development.[14] It is impossible to discern what events Mr. Cuara Rodriguez is referencing with this phrase, or what claim he is trying to assert. The complaint contains no other factual allegations, and it fails to allege any actions or omissions by the named defendants. Mr. Cuara Rodriguez attached what appears to be an investment account statement as an exhibit to his complaint,[15] but this fails to elucidate his claims; it is unclear what claims or allegations this document relates to.

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] (Compl., Doc. No. 4 at 3.)

[14] (*Id.*)

[15] (Ex. 1 to Compl., Doc. No. 4-1.)

Mr. Cuara Rodriguez checked boxes on the pro se complaint form indicating he is bringing the case under 42 U.S.C. §§ 1983 and 1985,[16] but his incoherent allegations fail to state a claim under either statute. He fails to allege a "deprivation of a federal right by . . . a person acting under color of state law" as required to state a claim under section 1983.[17] And he fails to allege any conspiracy to interfere with civil rights under section 1985.[18] The complaint also makes conclusory references to various criminal statutes, including 18 U.S.C. § 1030 (computer fraud), 18 U.S.C. § 1031 (fraud against the United States), and 18 U.S.C. § 1348 (securities and commodities fraud).[19] While sections 1030 and 1031 authorize private civil actions in certain circumstances,[20] Mr. Cuara Rodriguez's complaint lacks any allegations concerning fraud to which these statutes would apply, and it fails to allege facts sufficient to show he has standing to bring a claim under these statutes. Further, section 1348 does not contain a private right of

---

[16] (Compl., Doc. No. 4 at 1.)

[17] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[18] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[19] (*See* Compl., Doc. No. 4 at 4.)

[20] *See* 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."); 18 U.S.C. § 1031(h) ("Any individual who—(1) is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this section (including investigation for, initiation of, testimony for, or assistance in such prosecution), and (2) was not a participant in the unlawful activity that is the subject of said prosecution, may, in a civil action, obtain all relief necessary to make such individual whole.").

action.[21]  Thus, Mr. Cuara Rodriguez fails to state a claim under the statutes referenced in the complaint, or any other recognized cause of action.

Because Mr. Cuara Rodriguez's complaint fails to state a plausible claim for relief, it is subject to dismissal.[22]  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[23]  Accordingly, Mr. Cuara Rodriguez will be given an opportunity to amend his complaint.

## CONCLUSION

The court ORDERS as follows:

1. Mr. Cuara Rodriguez may file an amended complaint by **September 15, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Cuara Rodriguez is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[24]

---

[21] *See* 18 U.S.C. § 1348; *Heath v. Root9B*, No. 18-cv-01516-RBJ-KMT, 2019 U.S. Dist. LEXIS 34391, at *17 (D. Colo. Mar. 4, 2019) (unpublished) ("18 U.S.C. § 1348 is a criminal statute without a private right of action.").

[22] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[23] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[24] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

3.      Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4.      Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's July 14, 2023 order[25] remains in place.

5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 24th day of August, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[25] (Doc. No. 3.)